# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VELASQUEZ, | 1:11-cv-00960-OWW-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on June 15, 2011.  Petitioner contends that he is "actually innocent" of the 20 year mandatory minimum sentence under 42 U.S.C. § 841(b)(1)(A) based on the United States Supreme Court recent decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner filed a § 2255 petition in the Central District of California in case number 2:94-

cr-00896-WDK, which was denied as untimely on August 27, 1998.[1]  Petitioner then filed an application for leave to file a second or successive petition on March 14, 2011, in the United States Court of Appeals for the Ninth Circuit, case number 11-70731.  There, Petitioner argued that his defense counsel rendered ineffective assistance by failing to advise him with an alternative option that did not subject him to two mandatory sentences which resulted in his 25 year mandatory sentence.  The application was denied on May 12, 2011, stating:

> The application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court is denied.  Petitioner has not made a prima facie showing under 28 U.S.C. § 2255 of:
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(Doc. 2, Court of Appeals Docket #:11-70731.)

Petitioner claims that he did not have an unobstructed opportunity to present his actual innocent claims in his first § 2255 petition and he must now raise it by way of a § 2241 petition.  In Carachuri-Rosendo, the Supreme Court addressed the applicability of a state's recidivist law to the aggravated felony determination in an *immigration* context.  Irrespective of whether the Supreme Court's decision in Carachuri-Rosendo applies to Petitioner's case, the decision was issued on June 14, 2010, nine months prior to filing his application to file a second or successive petition under § 2255.  Thus, Petitioner could have raised his challenge under Carachuri-Rosendo in his application to file a second or successive § 2255 petition.  Therefore, Petitioner cannot demonstrate that he did not have an unobstructed opportunity to present this claim for review.  Moreover, even if Petitioner had sought authorization from the Ninth Circuit based on the holding in Carachuri-Rosendo and was unsuccessful, his inability to obtain such authorization, in

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

3

and of itself, would not open the section 2255 escape hatch. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (Section 2241 jurisdiction is not available merely because the courts of appeals refused to authorize a second or successive Section 2255 motion). It appears that Petitioner's filing of the instant § 2241 petition is a transparent attempt to circumvent the requirements attached to filing a § 2255 petition.

Furthermore, Petitioner has failed to demonstrate that his claims qualify under the saving clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction under California law which subjected him to mandatory enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.") Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to enter judgment, terminating this action.

1  These Findings and Recommendations are submitted to the assigned United States
2 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-
3 304 of the Local Rules of Practice for the United States District Court, Eastern District of
4 California.  Within thirty (30) days after being served with a copy, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
7 shall be served and filed within ten (10) court days (plus three days if served by mail) after
8 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
9 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).

16  IT IS SO ORDERED.

17 **Dated:   June 27, 2011**               /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE